UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MARK LOUIS SANDON,
   Plaintiff,

vs.                                              No. 09-1003

WARDEN D. SMITH, et. al.,
   Defendants

## MERIT REVIEW ORDER

This cause is before the court for case management and merit review of the plaintiff's amended complaint. The pro se plaintiff originally filed his complaint in the United States District Court in Kentucky. The Federal Court in Kentucky decided to retain certain damage claims that had arisen in that venue. However, the court noted that the United States District Court for the Central District of Illinois was the proper venue for the injunctive relief claim concerning the plaintiff's current care. The plaintiff then filed a motion to transfer his case and the United States District Court in Kentucky decided to sever the plaintiff's injunctive relief claim and transfer it to this court. The plaintiff then filed a motion for leave to amend his complaint which was granted.

The court is now required by 28 U.S.C. §1915A to "screen" the plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The plaintiff, a federal prisoner, has filed his amended complaint pursuant to *Bivens v Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The plaintiff claims the defendants violated his constitutional rights at the Federal Correctional Institution in Pekin, Illinois. The plaintiff has named five defendants including Warden D. Smith, Assistant Warden Norment, Administrative Health Service Administrator D. Dintelman, Clinical Director Dr. Scott Moats and Dr. R. Kabatay.

The plaintiff alleges that the defendants violated his Eighth Amendment rights when they were deliberately indifferent to his serious medical conditions. The plaintiff says he suffers from Hepatitis C, chronic liver disease and a nerve disorder. He alleges that the defendants both delayed and refused necessary medical care causing him pain and causing his conditions to worsen. In some cases, the plaintiff says treatment was prescribed, but not provided. The plaintiff is asking for damages and injunctive relief.

The court notes that the plaintiff must pass both an objective and a subjective test in order to establish that the lack of appropriate medical care violated the Eighth Amendment. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). The plaintiff must first demonstrate that the alleged deprivation was sufficiently serious. *Id.* The plaintiff must also show that the defendants acted with deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "[A] finding of deliberate indifference requires evidence that the official was aware of the risk and consciously disregarded it nonetheless." *Mathis v. Fairman*, 120 F.3d 88, 91 (7th Cir. 1997)(citing *Farmer* at 840-42).

Allegations of negligence or medical malpractice do not state an Eighth Amendment claim. *Ford v. Page*, 2001 WL 456427, at 6 (N.D.Ill. April 27, 2001). "Further, dissatisfaction or disagreement with the method of treatment or inability to effect a final cure does not constitute an Eighth Amendment claim of deliberate indifference. Also, mere differences of opinion among medical personnel regarding a patient's appropriate treatment do not give rise to deliberate indifference." *Jones v. Natesha*, 151 F.Supp.2d 938, 945 (N.D.Ill.,2001), *citations omitted*.
A prisoner does not have a constitutional right to choose his treatment and the court will not second-guess matters of professional judgment. *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir.1996).

However, "proof of deliberate indifference may be found where a prison official intentionally denies or delays access to medical care or intentionally interferes with the treatment once prescribed." *Jones*, 151 F.Supp.2d at 945 *citing Ford*, 2001 WL 456427 at 6. The plaintiff is advised that since his claim is based on a delay in receiving care, he must provide evidence that the delay contributed to his injuries. *See Langston v. Peters*, 100 F.3d 1235, 1240 (7th Cir. 1996)(prisoner who complains that a "delay in medical treatment rose to the level of a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment in order to succeed.") Delays that cause "needless hours of suffering" can constitute harm. *Gil v. Reed,* 381 F. 3d 649, 662 (7th Cir. 2004).

The plaintiff has adequately alleged that the named defendants have violated his Eighth Amendment rights. The court has also corrected identified proper defendants for this venue.

**IT IS THEREFORE ORDERED:**

**1) Pursuant to its merit review of the amended complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff states the following federal claim: Defendants Warden D. Smith, Assistant Warden Norment, Administrative Health Service Administrator D. Dintelman, Clinical Director Dr. Scott Moats and Dr. R. Kabatay violated the plaintiff's Eighth Amendment rights when they were deliberately indifferent to his serious medical conditions.**

**2) All other claims based on federal law, other than those set forth in paragraph one (1) above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A.**

**3)  This case shall proceed solely on those federal claims identified in paragraph one (1) above.  Any claims not set forth in paragraph one (1) above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.**

**4) A Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date.**

**5)  A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.**

**6)  The defendants shall file an answer within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.**

    Entered this 13th Day of February, 2009.


    **s\Harold A. Baker**

_____
           HAROLD A. BAKER
    UNITED STATES DISTRICT JUDGE